STATE OF LOUISIANA *v.* SAMUEL WHITE AND ISAAC CLIFT.

In cases of felony, where several are present, aiding and abetting, they may be joined with the principal in the first degree, and charged in the indictment, either as actual perpetrators, or as aiders and abettors.

When the principal in the second degree is charged as an aider or abettor, it is not necessary to set forth in the indictment the means or manner by which he became thus guilty, but merely to describe him generally as being present, aiding and abetting at the felony and murder, (as the case may be,) committed in manner and form aforesaid.

If a person be *present*, aiding and abetting, he cannot be indicted as an accessory.

Three requisites must combine to make an aider and abettor a principal: he must be *present, aiding and assisting*, with a felonious intention, to the felony.

This court cannot, upon an appeal, re-examine the decision of a district judge upon a question of fact, such as whether due diligence has been used to procure the attendance of a witness.

Where an inferior court, in a capital case, had refused a continuance, though the defendant offered affidavits, setting forth the fact of the materiality of absent witnesses, and of due diligence in procuring them, there was no error, the court below believing the application to be simply an artifice to obtain delay.

When some of the jurors on the list with which defendant is served, are absent or excused, and the regular panel is exhausted, talismen must be summoned.

APPEAL from the District Court of the Parish of Natchitoches. This case was tried by a jury before *Bullard*, J. *Elam* and *Hamilton*, for prisoner. *Welch*, District Attorney, for the State. By the court:

The defendant *Isaac Clift* was indicted in the second count of an indictment against him and *Samuel White*, for robbery, in the following words: "And the jurors aforesaid, upon their oaths aforesaid, do further present, that *Isaac Clift*, late of the parish aforesaid, laborer, on the day and year aforesaid, with force and arms, at the parish aforesaid, in the district and State aforesaid, feloniously was present, aiding, abetting and assisting the said *Samuel White*, the felony and robbery aforesaid to do and commit, contrary to the form of the statute of the State of Louisiana, in such case made and provided," &c. Upon this indictment the defendant was found guilty by a jury, in manner and form as charged in the bill of indictment, and the district judge sentenced him to ten years' imprisonment in the State penitentiary. From this judgment an appeal has been taken to this court upon various grounds, as set forth in bills of exceptions, motions in arrest of judgment, and for a new trial.

The defendant based his motion in arrest of judgment, upon the ground that the before recited count in the indictment was defective, because it did not state in general terms, that he, the defendant, was guilty of the crime of robbery, but only charged him as an aider and abettor to the other defendant, *Samuel White*, and that there is no statute in this State to punish aiders and abettors to the crime of robbery. There is a statute of 1818, p. 168, sec. 8, punishing all accessories to any crime, both before and after the fact. See Revised Statutes, p. 206. But that is no matter of importance in the present inquiry. It is not pretended that there is any defect in the first count of the indictment for robbery committed by *Samuel White*. In cases of felony, where several are present aiding and abetting, they may be joined with the principal in the first degree, and charged in the indictment, either as actual perpetrators, or as aiders

and abettors. Where the principal in the second degree is charged as an aider or abettor, it is not necessary to set forth in the indictment the means or manner by which he became thus guilty, but merely to describe him generally as being present, aiding and abetting at the felony and murder, (as the case may be) committed in manner and form aforesaid If a person be present, and aiding and abetting, he cannot be indicted as an accessory. Chitty's Criminal Law, 262–269. Three requisites must combine to make an aider and abettor a principal. He must be present, aiding and assisting, with a felonious intention, to the felony. Ib. 256. The defendant, *Isaac Clift*, has then been indicted, according to the most approved forms and authorities, as a principal, being present, aiding and abetting, with a felonious intention. He is then brought under the provisions of the act of 1805, p, 426, sec. 4, against robbery, and subjected to imprisonment at hard labor, not less than seven, nor more than fourteen years. Revised Statutes, p. 188.

The next objection urged by defendant, appears in his bill of exceptions to the decision of the district judge refusing him a continuance. The reasons given by the district judge, satisfy us that a continuance was properly refused. We have heretofore decided, that this court could not, upon an appeal, re-examine the decision of a district judge upon a question of fact, such as, whether due diligence has been used to procure the attendance of a witness. *State* v. *Bretle*, 6 Ann. 653. The district judge states, that in his opinion, there were suspicious circumstances (which he relates) going to show, that the application was made for delay. It has been decided, that where an inferior court, in a capital case, had refused a continuance, though the defendant offered affidavits setting forth the fact of the materiality of absent witnesses, and of due diligence in procuring them, there was no error, the court below believing the application to be simply an artifice to obtain delay. Wharton's American Criminal Law, 597, 598.

The next objection urged on the part of the defendant, is contained in another bill of exceptions to the opinion of the district judge refusing to sustain his challenge to the jurors presented to him, because all of the jurors comprising the list that had been served on him were not present, some of them having been excused from attendance by the court. To which the judge says, in the bill of exceptions, that the jurors had either been excused for good and legal cause, or were absent without leave of the court. Under these circumstances, when no more jurors could be obtained from the regular panel or list of jurors that had been served on the defendant, the court ordered talismen to be summoned. There was no error in this.

Next and last, the defendant moves for a new trial, which was overruled.

This court has decided, that the exercise of the discretion of the district judge in the refusal of a new trial in a criminal case, cannot be revised upon a writ of error. *State* v. *Gormer*, 6 Ann. 311.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.